UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| XZAVIA HELVY<br>    Plaintiff, | CIVIL ACTION NO.: |
| v. | |
| KILROY TIRE SHOP, INCORPORATED<br>d/b/a KILROY MOTORS<br>    Defendant | DECEMBER 4, 2018 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against an automobile dealership for violations of the Truth in Lending Act ("TILA"), the Connecticut Retail Installment Sales Financing Act ("RISFA"), and the Connecticut Unfair Trade Practices Act ("CUTPA").

### II. PARTIES

2. Plaintiff, Xzavia Helvy ("Plaintiff"), is an individual residing in New Haven, Connecticut.

3. Defendant, Kilroy Tire Shop, Incorporated d/b/a Kilroy Motors ("Kilroy"), is a Connecticut corporation that operates a motor vehicle dealership in West Haven, Connecticut.

## III.   JURISDICTION

4.     Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. This court has jurisdiction of the pendent state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has jurisdiction over Kilroy, because it regularly conducts business in the state and because it is located in Connecticut.

6.     Venue in this Court is proper, because the Plaintiff resides in Connecticut and the transaction occurred in this state.

## IV.   FACTUAL ALLEGATIONS

7.     Kilroy is a "buy here pay here" automobile dealership, which means that instead of assigning retail installment sales contracts to third party lenders when customers seek to finance the purchase of its vehicles, it finances transactions itself and services the repayment of credit transactions.

8.     Kilroy is a "creditor" within the meaning of TILA.

9.     Plaintiff visited Kilroy on or about July 12, 2018 interested in purchasing a 2008 Jeep Grand Cherokee (the "Vehicle").

10.    Plaintiff agreed to purchase the Vehicle for a cash price of $4,500. She paid a $3,000, non-refundable down payment and agreed to finance the remaining balance.

11. Plaintiff signed a purchase order for the transaction, but she never signed a retail installment sales contract and was never provided with one.

12. As a result, Kilroy never provided Plaintiff with the terms of credit for the transaction.

13. Regulation Z of TILA mandates that consumers in credit transactions such as this are provided with certain disclosures *inter alia* regarding which portion of the transaction is the cost of the goods, which amount is the cost to finance the transaction, and the annual percentage rate. Kilroy failed to make any of these disclosures, so it is unclear which portion of the cost is attributable to price of the Vehicle and which portion is the price of credit.

14. The purchase order fails to list the actual name of the dealership and it fails to disclose Kilroy's dealer license number.

15. On July 16, 2018, Plaintiff returned to Kilroy to take delivery of the Vehicle.

16. At that time, Kilroy demanded an additional $500 from Plaintiff in order to "register the car".

17. This $500 charge was not previously disclosed to Plaintiff and is not disclosed on the purchase order, which is the only contract document she was provided.

18. The purchase order lists the item "dealer conveyance fee", which presumably is what this fee is, but that line item is left blank on that document.

19. Since Plaintiff did not want to forfeit her considerable down payment, she felt no choice but to pay the $500 charge.

20. Plaintiff was not provided with a Connecticut Department of Motor Vehicles Form K-208 evincing the results of the state-mandated safety inspection.

21. Plaintiff made weekly payments in the amount of $50 to Kilroy commencing July 20, 2018. According to the purchase order, she was to make 31 weekly payments.

22. On or about September 28, 2018, Plaintiff returned the Vehicle to Kilroy restoring it as nearly as possible to its pre-contractual position.

23. On November 12, 2018, Plaintiff sent notice through counsel that she elected to rescind the transaction due to violations of RISFA and demanded the return of all sums paid on the Vehicle.

24. Kilroy has refused to return Plaintiff's down payment or any weekly payments she made on the Vehicle.

## V.   CAUSES OF ACTION

### a.   COUNT ONE: TRUTH IN LENDING ACT

25. Kilroy violated TILA by not providing Plaintiff with the disclosures required by 15 U.S.C. § 1338, and 12 C.F.R. § 226.17(a) and (b).

26. Kilroy is liable to Plaintiff for statutory damages of double the finance charge, but no less than $200 and no more than $2,000, plus attorney's fees and costs.

### b.     COUNT TWO: RETAIL INSTALLMENT SALES FINANCING ACT

27.    RISFA requires that any sale of a motor vehicle in which the seller is retaining a security interest pending full payment must be documented by a retail installment contract.

28.    By failing to provide Plaintiff with a retail installment sales contract in connection with this transaction, Kilroy violated RISFA.

29.    By failing to include the $500 charge for "registering the car" in any contract document, Kilroy violated RISFA by failing to include an essential term of the transaction in any contract document.

30.    Kilroy violated RISFA, Conn. Gen. Stat. § 36a-771(a), which requires that all essential provisions of the contract be included in the retail installment contract.

31.    Through its violations of TILA, as pled above, Kilroy further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

32.    Kilroy has been restored to its pre-contractual position as nearly as possible because the Vehicle was returned to it.

33.    Plaintiff is entitled to a rescission of the transaction due to the violations of RISFA.

### c. COUNT THREE: CONNECTICUT UNFAIR TRADE PRACTICES ACT

34. Kilroy has engaged in unfair acts and practices in trade or commerce in violation of Conn. Gen. Stat. § 42-110a *et seq.* in connection with the transaction as described above and as follows:

   a. Its violation of TILA;

   b. Its violation of RISFA;

   c. By demanding the additional $500, Kilroy either failed to sell the Vehicle for the agreed upon price of $4,500, in violation of policy of Conn. Agency Reg. § 42-110b-28(b)(1), or the $500 was an undisclosed dealer conveyance fee, in violation of Conn. Gen. Stat. § 14-62a, a *per se* CUTPA violation by operation of Conn. Agency Reg. § 42-110b-28(b)(23);

   d. Its failure to provide the CT K-208 disclosure; and

   e. Its violation of Conn. Gen. Stat. § 14-62 due to its failure to provide the information required by that statute on the purchase order.

35. As a result of Kilroy's conduct, Plaintiff has suffered ascertainable losses of money or property in that she has forfeited her down payment, forfeited her monthly payments and was charged an additional undisclosed $500.

36. For Kilroy's violations of CUTPA, Plaintiff is entitled to her actual damages plus punitive damages, costs and a reasonable attorney's fee.

37. Plaintiff is also entitled to equitable relief in the form of an order stating that she owes no further indebtedness to Kilroy.

WHEREFORE, the Plaintiff seeks:

Monetary damages; statutory damages of $2,000, an order stating Plaintiff is no longer indebted to Kilroy; attorney's fees and costs pursuant to TILA and CUTPA; and such other relief as may apply at law or equity.

PLAINTIFF, XZAVIA HELVY

By: _____
Daniel S. Blinn
dblinn@consumerlawgroup.com
Brendan L. Mahoney
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457